**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4727**

─────────────

UNITED STATES OF AMERICA,

                     Plaintiff – Appellee,

      v.

JOHNNY BOYD BURRIS, JR., a/k/a Rahiymu El Bey,

                     Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:03-cr-00551-CMC-1)

─────────────

Submitted:  December 15, 2011      Decided:  December 19, 2011

─────────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Boyd Burris, Jr., was convicted of violating the terms of his supervised release and was sentenced to eleven months in prison. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the evidence supported a finding that Burris violated the terms of his release and whether the sentence is plainly unreasonable. Although informed of his right to do so, Burris has not filed a pro se supplemental brief. We affirm.

Burris initially contends that his supervised release was improperly revoked. We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2011). At Burris's revocation hearing, it was undisputed that Burris failed to report even once to his probation officer. Burris asserted that he was not subject to supervision because the Government had failed to respond to a document he allegedly served under the Uniform Commercial Code ("UCC"). Because the UCC is inapplicable in criminal cases and because Burris's assertions that he was not subject to supervision were without support, we conclude that

2

the court did not abuse its discretion in revoking Burris's supervised release.

Burris also contends that his eleven-month sentence is unreasonable. A sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Burris's sentence is below the statutory maximum of two years. See 18 U.S.C.A. § 3583(e)(3) (Class C felony). Further, the sentence is procedurally reasonable: the district court considered both the Chapter 7 policy statements and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors that it was permitted to consider. See Crudup, 461 F.3d at 440. Moreover, we conclude that the district court reasonably rejected Burris's arguments for a lower sentence in light of Burris's total disregard of his responsibilities during supervised release. Accordingly, the sentence is also substantively reasonable, as the court adequately explained its reasons for imposing the sentence. See id.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

3

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4